IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : |
| | :  No. 3:12-CV-79 (CAR) |
| SHERIFF JOSEPH CHAPMEN and | : |
| STATE OF GEORGIA, | : |
| | : |
| Respondents. | : |
| _____ | : |

**ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION**

Before the Court is Petitioner Michael Alonza Rufus' Motion for Reconsideration [Doc. 15] of this Court's dismissal of his habeas corpus petition. For the following reasons, the Motion is hereby **DENIED** or, in the alternative, **DISMISSED for lack of jurisdiction**.

On May 7, 2012, Petitioner initiated this habeas corpus proceeding challenging a 2012 state conviction. On June 27, 2012, this Court dismissed the petition without prejudice as moot or, in the alternative, for Petitioner's clear failure to exhaust his administrative remedies. On July 9, 2012, Petitioner filed the current Motion asking this Court to reconsider its ruling. Because Petitioner filed this Motion within 28 days after the entry of judgment, the Court construes it as a motion to alter or amend

1

judgment pursuant to Federal Rule of Civil Procedure 59(e), rather than a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b).

Although the Eleventh Circuit has clearly defined the jurisdictional prohibitions on Rule 60(b) motions for reconsideration in the habeas context, it has not done so with Rule 59(e) motions for reconsideration. Thus, there remains a question in this circuit as to whether district courts even have jurisdiction to consider Rule 59(e) motions in the habeas context.[1] Some courts have held that the jurisdictional bar on Rule 60(b) motions in the habeas context apply equally to Rule 59(e) motions,[2] while other courts have found that district courts retain jurisdiction to evaluate Rule 59(e) motions on their merits.[3] Having no clear guidance, the Court analyzes this Motion under both standards and finds Petitioner's reconsideration Motion must be either denied on its merits or, in the alternative, dismissed for lack of jurisdiction.

In analyzing this Motion for Reconsideration under Rule 59(e) on its merits, the Motion must be denied. "The only grounds for a district court to grant a motion to alter or amend judgment are new evidence and manifest error . . . . A Rule 59(e)

---

[1] *See e.g., Madison v. Allen*, No. 1:09-CV-00009-KD-B, 2011 WL 1545103, (S.D. Ala. April 25, 2011) (jurisdictional prohibition on Rule 60(b) motions applies with equal force to Rule 59(e) motions); *compare Thomas v. Owens*, No. 5:08-CV-414, 2009 WL 3747162, at *2 n. 1 (M.D. Ga. Nov. 4, 2009) (no jurisdictional bar to entertain Rule 59(e) motion for reconsideration).
[2] *See, e.g., Aird v. United States*, 339 F. Supp. 2d 1305, 1311 (S.D. Ala. 2004); *Madison, supra*.
[3] *See, e.g., Thomas, supra*.

2

motion cannot be used to re-litigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment."[4]  The decision to grant or deny a Rule 59(e) motion is committed to the sound discretion of the district court.[5]

Here, Petitioner has pointed to no new evidence, nor has he identified any manifest error, that would give the Court reason to reconsider its determination that his habeas petition must be dismissed.

In analyzing this Motion under the Rule 60(b) standard, the Motion must be dismissed for lack of jurisdiction.  Rule 60(b) provides only a limited basis for a party to seek relief from a final judgment in a habeas case.  The Supreme Court has held that in the habeas context a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition and is therefore subject to successive petition restrictions.[6]  Conversely, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or

---

[4] *Stewart v. Lastaiti*, 409 Fed. Appx. 235, 235 (11th Cir. Oct. 28, 2010) (internal quotation marks and omitted) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).
[5] *Id*.
[6] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

3

successive habeas petition.[7]  Because Rule 59(e) also provides a means for relief from a final judgment, courts have applied the reasoning used in Rule 60(b) motions for reconsideration to Rule 59(e) motions for reconsideration.

Here, Petitioner clearly attacks the substance of the Court's resolution of his claims on the merits, and therefore his Motion would be dismissed as a successive petition for lack of jurisdiction.  In order for this Court to have jurisdiction to consider a successive petition, Petitioner must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his successive petition.[8]

Based on the foregoing, Petitioner's Motion for Reconsideration [Doc. 15] is hereby **DENIED** or, in the alternative, **DISMISSED for lack of jurisdiction**.

**SO ORDERED,** this 11th  day of October, 2012.

                                            S/  C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

SSH

---

[7] *Id*.
[8] *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).